IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.    Criminal Case No. 3:24cr111

**TONY WILFORD,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Tony Wilford's First Motion to Dismiss the Indictment (the "Motion"). (ECF No. 14.)[1] In the Motion, Mr. Wilford contends that his indictment under 18 U.S.C. § 922(g)(1)[2] is unconstitutional both facially and as applied to him because laws that restrict a felon from possessing a firearm as a felon "violate[] his Second Amendment right to keep and bear arms." (ECF No. 14, at 1.) For the reasons articulated below, the Court will deny the Motion. (ECF No. 14.)

---

[1] The Court employs pagination assigned by the CM/ECF docketing system.

[2] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
*   *   *
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Procedural History and Findings of Fact

### A. Factual Background

The United States alleges that "on May 2, 2024, Officer Barnes-Christian with the Richmond City Police Department stopped Mr. Wilford as he exited a convenience store in the City of Richmond." (ECF No. 14, at 3.) "Officer Barnes-Christian asked Mr. Wilford a series of questions about a concealed carry permit [and] what type of firearm he had[.]" (ECF No. 14, at 3.) The officer then "retriev[ed] a .9mm firearm from the right inside coat pocket of Mr. Wilford's jacket." (ECF No. 14, at 3.) "Mr. Wilford ha[d] two prior felony convictions[.]" (ECF No. 14, at 3.)

### B. Procedural History

On August 6, 2024, a grand jury indicted Mr. Wilford on one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) An arrest warrant was issued the same day. (ECF No. 4.) Mr. Wilford was arrested and had his initial appearance on August 15, 2024. (ECF Nos. 5, 6.) On September 5, 2024, Mr. Wilford filed the Motion to Dismiss. (ECF No. 14.) The United States responded to the Motion, and Mr. Wilford replied. (ECF Nos. 17, 18.)

On November 15, 2024, Mr. Wilford submitted a Notice and Supplement to Mr. Wilford's Previously Filed Motion to Dismiss, which noted the United States Supreme Court's decision vacating and remanding the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Canada*. (ECF No. 27, at 1.) On November 20, 2024, the United States filed a response. (ECF No. 30.) On December 20, 2024, Mr. Wilford filed a Notice of Recently Decided Supplemental Authorities Related to His Motion to Dismiss. (ECF No. 32.) Mr. Wilford noted that "[o]n December 6, 2024, the Fourth Circuit reissued its decision in

2

*United States v. Canada*, [123 F.4th 159 (4th Cir. 2024) (*"Canada II"*)] holding that § 922(g)(1) is facially constitutional" and "forecloses Mr. Wilford's argument that § 922(g)(1) is facially unconstitutional." (ECF No. 32, at 1–2.) He also reports that "on December 18, 2024, the Fourth Circuit issued *United States v. Hunt*, [123 F.4th 697(4th Cir. 2024)] which forecloses any as-applied challenges to § 922(g)(1) under the Second Amendment." (ECF No. 32, at 2.) As a result, Mr. Wilford correctly admits that "there is now controlling case law foreclosing all of Mr. Wilford's arguments in his motion," but "maintains his arguments in his motion so that he preserves the issue for potential appeal." (ECF No. 32, at 2.)

## II. Standard of Review

### A.  Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Wilford raises facial and as-applied challenges to the constitutionality of § 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 15, at 1.) "Fed. R. Crim. P. 12(b)(3)(B) permits a court to dismiss a defective indictment. An indictment is defective if it alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F.Supp.2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Hill*, 703 F.Supp.3d 729, 732 (E.D. Va. 2023).

### B.  Facial and As-Applied Challenges

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial

3

challenge can only succeed when a party shows "that the law is unconstitutional in all of its applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

"By contrast, '[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]'" *Hill*, 703 F.Supp.3d at 733 (quoting *United States v. Mgmt. Consulting, Inc.*, 636 F.Supp.3d 610, 619 (E.D. Va. 2022)). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III. Analysis

Mr. Wilford contends that his indictment should be dismissed because the statute under which he is indicted, 18 U.S.C. § 922(g)(1), is unconstitutional both facially and as applied. Mr. Wilford argues that § 922(g)(1) is unconstitutional as applied to him because: (1) "[t]he Second Amendment's plain text protects the right of 'the people,' such as Mr. Wilford, to keep and bear arms"; and (2) there is "no 'historical tradition,' circa 1791, of gun regulations 'distinctly similar' to § 922(g)(1)." (ECF No. 14, at 7, 15.) He suggests that *United States v. Rahimi*, 602 U.S. 680 (2024), establishes that the Second Amendment's plain text applies to him as one of the people entitled to keep and bear arms. (ECF No. 14, at 1–2.)

This Court already has carefully considered and rejected many of the arguments Mr. Wilford raises in his Motion. *United States v. Holbert*, ---F.Supp.3d---, 2025 WL 242537 (E.D. Va. Jan. 19, 2025) (holding that under an analytical framework permissible even after *Rahimi*, existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to all felons remains binding) (citing *United States v. Canada*, 123 F.4th 159 (4th Cir.

4

2024) ("*Canada II*") and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024)). And as Mr. Wilford himself recognizes, the Fourth Circuit has precluded both arguments he brings.

When considering its earlier decision in *United States v. Canada* on remand, the Fourth Circuit declared 18 U.S.C. § 922(g) facially constitutional. *Canada II*, 123 F.4th at 161; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, at *3. Shortly afterward, the Fourth Circuit declared Section 922(g)(1) constitutional as applied "without regard to the specific conviction that establish[es a felon's] inability to lawfully possess firearms." *Hunt*, 123 F.4th at 700; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *3. Not only did the Fourth Circuit reject the need for a "felony-by-felony" analysis, but it also deemed Section 922(g)(1) constitutional as applied under the Supreme Court's *Bruen* analysis. *Hunt*, 123 F.4th at 700–08 (holding that "neither *Bruen* nor *Rahimi* meets this Court's stringent test for abrogating otherwise-controlling circuit precedent and that our precedent on as-applied challenges thus remains binding" and that § 922(g)(1) would survive Second Amendment scrutiny even under a *Bruen* analysis); *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *5–7 (both citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)).

This Court sees no reason to deviate from its prior analysis and instead adopts in full the reasoning previously set forth in *United States v. Holbert*, including its *Bruen* commentary. *See Holbert*, ---F.Supp.3d---, 2025 WL 242537.

## III. Conclusion

For the foregoing reasons, the Court will DENY Mr. Wilford's Motion to Dismiss. (ECF No. 14.)

An appropriate Order shall issue.

Date: 1/30/25  
Richmond, Virginia

/s/ MHL  
M. Hannah Lauck  
United States District Judge